UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DAVID L. WILLIAMS,

Plaintiff,

v.

SNOHOMISH COUNTY CORRECTIONS, et al.,

Defendants.

Case No. C17-656 RSL-BAT

**ORDER DECLINING SERVICE AND GRANTING LEAVE TO AMEND**

David L. Williams, who is presently confined at the Snohomish County Corrections ("SCC"), filed a civil rights complaint against Snohomish County Corrections, Snohomish County Superior Court, and the Snohomish County Public Defenders Association. Dkt. 4. Mr. Williams alleges that he is being deprived of nutritional meals containing sufficient vitamins, access to the law library for court rules and procedures, and legal mail envelopes and copies. He also alleges, as to his ongoing criminal proceeding, that he was denied a speedy trial, there was no probable cause to search his residence, and his public defender has rendered ineffective assistance. *Id.*

The Court **DECLINES** to serve the complaint because, as discussed in more detail below, the complaint contains numerous deficiencies. However, the Court **GRANTS** Mr. Williams leave to file an amended complaint by **June 9, 2017.**

ORDER DECLINING SERVICE AND GRANTING
LEAVE TO AMEND - 1

**DISCUSSION**

The Court declines to serve the complaint because it contains fatal deficiencies that, if not addressed, might lead to a recommendation of dismissal of the entire action for failure to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(b)(ii), 1915A(b)(1). In order to sustain a civil rights action under § 1983, a plaintiff must show (1) that he suffered a violation of rights protected by the Constitution or created by federal statute, and (2) that the violation was proximately caused by a person acting under color of state or federal law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991).

**A.      Government Entities and Public Defender as Parties**

Mr. Williams has failed to name a proper defendant. A state public defender performing traditional lawyer functions is not a state actor. *Polk County v. Dodson,* 454 U.S. 312, 324-25, 102 S.Ct. 445, 70 L.Ed. 509 (1981); *Miranda v. Clark County,* 319 F.3d 465, 468 (9th Cir. 2002). In addition, government entities such as the Snohomish County Superior Court, Snohomish County Public Defender Association, and Snohomish County Corrections are not proper parties to a § 1983 complaint. *See Howlett v. Rose*, 496 U.S. 356, 365 (1990). While Snohomish County is a municipality that can be sued under § 1983, *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 690 (1978), Mr. Williams fails to allege how the County's employees or agents acted through an official custom, pattern or policy that permits deliberate indifference to, or violates, his civil rights or that the County ratified the unlawful conduct. *Monell,* 436 U.S. at 690–91.

**B.      Challenge to Ongoing State Criminal Action**

Even if Mr. Williams were granted leave to amend his complaint to name a proper defendant as to his claims regarding his underlying state criminal proceeding, he may not

ORDER DECLINING SERVICE AND GRANTING
LEAVE TO AMEND - 2

1  challenge the propriety of those proceedings in a 42 U.S.C. § 1983 lawsuit.  Federal courts will

2  not intervene in a pending criminal proceeding absent extraordinary circumstances where the

3  danger of irreparable harm is both great and immediate. See *Younger v. Harris*, 401 U.S. 37, 45,

4  46 (1971).   The *Younger* abstention doctrine requires that a district court dismiss a federal action

5  if state proceedings are (1) ongoing, (2) implicate important state interests, and (3) afford the

6  plaintiff an adequate opportunity to raise the federal issue.  *Columbia Basin Apartment Ass'n v.*

7  *City of Pasco*, 268 F.3d 791, 799 (9th Cir. 2001) (citation omitted).  All of the *Younger* criteria

8  appear to be satisfied here.  The proceedings are ongoing, involve a criminal prosecution that

9  implicates important state interests, and there is nothing to indicate that Mr. Williams cannot

10  raise in his criminal case the same claims he raises here or that there is a danger of great and

11  immediate irreparable harm.  Therefore, it appears that this action would unduly interfere with

12  the state criminal proceeding in a way *Younger* disapproves.

13  **C.      Conditions of Confinement at SCC**

14           With regard to the remainder of Mr. Williams's claims relating to his confinement at the

15  SCC (lack of vitamins, access to law library, mail envelopes and copies), he has failed to plead

16  sufficient facts from which the Court may determine whether he has stated a viable § 1983 claim.

17  Mr. Williams may file an amended complaint to set out these allegations more fully.  In the

18  amended complaint, plaintiff must write out short, plain statements telling the Court: (1) the

19  constitutional right plaintiff believes was violated; (2) the name of the person or persons who

20  violated the right; (3) exactly what that person(s) did or failed to do; (4) how the action or

21  inaction of that person(s) is connected to the violation of plaintiff's constitutional rights; and (5)

22  what specific injury plaintiff suffered because of that person(s)'s conduct. See *Rizzo v. Goode*,

23  423 U.S. 362, 371–72 (1976).

1      If the person named as a defendant was a supervisory official, plaintiff must either state

2  that the defendant personally participated in the constitutional deprivation (and tell the Court the

3  five things listed above), or plaintiff must state, if he can do so in good faith, that the defendant

4  was aware of the similar widespread abuses, but with deliberate indifference to plaintiff's

5  constitutional rights, failed to take action to prevent further harm to plaintiff and also state facts

6  to support this claim. *See Monell*, 436 U.S. at 691.

7      Plaintiff must repeat this process for each person he names as a defendant, including any

8  "John Doe" and "Jane Doe" defendants. If plaintiff fails to affirmatively link the conduct of

9  each named defendant with the specific injury suffered by plaintiff, the claim against that

10  defendant will be dismissed for failure to state a claim. Conclusory allegations that a defendant

11  or a group of defendants have violated a constitutional right are not acceptable and will be

12  dismissed.

**CONCLUSION**

14      The Court **DECLINES** to serve the complaint which as discussed above is deficient.

15  The Court realizes Mr. Williams is proceeding pro se. Thus rather than simply dismissing the

16  action, the Court grants him permission to show cause why his complaint should not be

17  dismissed or to file an amended complaint to cure the above-mentioned deficiencies by **June 9,**

18  **2017.** The amended complaint must carry the same case number as this one. **If no amended**

19  **complaint is timely filed, the Court will recommend that this matter be dismissed under 28**

20  **U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim on which relief can be granted.**

21      DATED this _11th_ day of May, 2017.

22

23

BRIAN A. TSUCHIDA
United States Magistrate Judge

ORDER DECLINING SERVICE AND GRANTING
LEAVE TO AMEND - 4