UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DAVID L. WILLIAMS,<br><br>                Plaintiff,<br><br>    v.<br><br>SNOHOMISH COUNTY CORRECTIONS,<br><br>                Defendant. | Case No. C17-656 RSL-BAT<br><br>**REPORT AND RECOMMENDATION** |

David L. Williams, who is currently confined at Snohomish County Corrections ("SCC"), filed a civil rights complaint against SCC, Snohomish County Superior Court, and the Snohomish County Public Defenders Association. Dkt. 4. Mr. Williams alleged that he is being deprived of nutritional meals containing sufficient vitamins, access to the law library for court rules and procedures, and legal mail envelopes and copies. He also alleged, as to his ongoing criminal proceeding, that he was denied a speedy trial, there was no probable cause to search his residence, and his public defender has rendered ineffective assistance. *Id*.

The Court declined to serve the complaint because it contained fatal deficiencies that, if not addressed, might lead to a recommendation of dismissal of the entire action for failure to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(b)(ii), 1915A(b)(1). However, because plaintiff is proceeding *pro se*, he was granted leave to file an amended complaint or to show cause why his complaint should not be dismissed. Dkt. 8. On May 31,

REPORT AND RECOMMENDATION - 1

2017, plaintiff filed an amended complaint. Dkt. 10. Because the amended complaint is also deficient, the undersigned recommends that this action be dismissed without prejudice for failure to state a claim.

**PLAINTIFF'S ALLEGATIONS**

In his amended complaint, plaintiff names only the SCC as a defendant and alleges the following:

> (1) The meals are danger levels of starvation and nutrition depletion way under 2800 calories. Serving spoiled lettuce or sour cabbage salads, moldy food bars, as keeping many meal by daily value to 1635 to 1945 calories to save money. Many staff & Jailer (Correction Officers) shaking their heads an feel no control what management does. Depression upon inmates on taking pleas, fight others, fight staff is high as I feal my safety is at risk of retaliation by higher staff. 10 days of a wound that bleeding with no clotting on my right thumb, I'm deprived of nutrition containing sufficient vitamins. Pushing of staff upon inmates puts inmates at risk to push to the edge of hurting staff or other inmates and/or themselfs. Jail's Dietition is not licensed.
>
> (2) Refusal to access to law library to deal court procedures or information dealing with the law or photo copy on probable cause.

Dkt. 10, p. 2.

**DISCUSSION**

To state a civil rights action under § 1983, a plaintiff must show (1) that he suffered a violation of rights protected by the Constitution or created by federal statute, and (2) that the violation was proximately caused by a person acting under color of state or federal law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). In other words, plaintiff must describe who violated his rights, when they violated his rights, and how this violation caused him harm. Plaintiff was advised that absent such allegations, his complaint will be dismissed.

**A. Snohomish County Corrections**

Mr. Williams purports to sue SCC, which is a governmental agency that normally cannot

2017, plaintiff filed an amended complaint. Dkt. 10. Because the amended complaint is also deficient, the undersigned recommends that this action be dismissed without prejudice for failure to state a claim.

**PLAINTIFF'S ALLEGATIONS**

In his amended complaint, plaintiff names only the SCC as a defendant and alleges the following:

> (1) The meals are danger levels of starvation and nutrition depletion way under 2800 calories. Serving spoiled lettuce or sour cabbage salads, moldy food bars, as keeping many meal by daily value to 1635 to 1945 calories to save money. Many staff & Jailer (Correction Officers) shaking their heads an feel no control what management does. Depression upon inmates on taking pleas, fight others, fight staff is high as I feal my safety is at risk of retaliation by higher staff. 10 days of a wound that bleeding with no clotting on my right thumb, I'm deprived of nutrition containing sufficient vitamins. Pushing of staff upon inmates puts inmates at risk to push to the edge of hurting staff or other inmates and/or themselfs. Jail's Dietition is not licensed.
>
> (2) Refusal to access to law library to deal court procedures or information dealing with the law or photo copy on probable cause.

Dkt. 10, p. 2.

**DISCUSSION**

To state a civil rights action under § 1983, a plaintiff must show (1) that he suffered a violation of rights protected by the Constitution or created by federal statute, and (2) that the violation was proximately caused by a person acting under color of state or federal law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). In other words, plaintiff must describe who violated his rights, when they violated his rights, and how this violation caused him harm. Plaintiff was advised that absent such allegations, his complaint will be dismissed.

**A. Snohomish County Corrections**

Mr. Williams purports to sue SCC, which is a governmental agency that normally cannot

be sued under § 1983. *See Howlett v. Rose*, 496 U.S. 356, 365 (1990).  The proper defendant is Snohomish County, a municipality that can be sued under § 1983. *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 690 (1978).  However, to pursue a claim against Snohomish County, a plaintiff must allege facts setting forth how Snohomish County's employees or agents acted through an official custom, pattern or policy that permits deliberate indifference to, or violates, his civil rights or that the county ratified the unlawful conduct. *Monell,* 436 U.S. at 690–91.  Mr. Williams was previously advised that SCC was not a proper party and he has failed to allege additional facts against SCC.  Accordingly, his complaint against SCC should be dismissed.

**B.     Conditions of Confinement at SCC**

With regard to Mr. Williams's claims relating to his confinement at SCC (lack of vitamins, insufficient diet, access to law library, etc.), the Court previously advised Mr. Williams that, to state a viable § 1983 claim, he must plead facts to support those claims.  Specifically, he was told to write out short, plain statements telling the Court: (1) the constitutional right plaintiff believes was violated; (2) the name of the person or persons who violated the right; (3) exactly what that person(s) did or failed to do; (4) how the action or inaction of that person(s) is connected to the violation of plaintiff's constitutional rights; and (5) what specific injury plaintiff suffered because of that person(s)'s conduct. *See Rizzo v. Goode*, 423 U.S. 362, 371–72 (1976). Mr. Williams has failed to do so.  Despite being given guidance and an opportunity to submit an amended complaint with the facts needed to support his claim, plaintiff has failed to do so.

The undersigned recommends that this action be dismissed without prejudice for failure to state a claim.

**CONCLUSION**

Where a pro se litigant's complaint fails to state a claim upon which relief can be granted, the Court generally grants him the opportunity to amend the complaint. *Lucas v. Dep't of Corrections*, 66 F.3d 245, 248 (9th Cir. 1995) (per curiam). However, the Court may deny leave to amend if "it is absolutely clear that no amendment can cure the defect." *Id*. Here, plaintiff was given guidance and an opportunity to plead facts necessary to support his claim, but he has failed to do so. Therefore the Court recommends that this action be **DISMISSED without prejudice for failure to state a claim.**

A proposed order accompanies this Report and Recommendation. Any objections to this Recommendation must be filed by **Friday, June 30, 2017.** The Clerk should note the matter for **Wednesday, July 5, 2017**, as ready for the District Judge's consideration if no objection is filed.

If plaintiff files an objection, he must note the matter for the Court's consideration 14 days from the date the objection is filed and served. Objections shall not exceed seven (7) pages. The failure to timely object may affect the right to appeal.

DATED this  13th  day June, 2017.

_____
BRIAN A. TSUCHIDA
United States Magistrate Judge